FARLOU REALTY CORPORATION et al., Plaintiffs, *v.* WOODSAM ASSO-
CIATES, INC., Defendant.

Supreme Court, Special Term, New York County, April 22, 1943.

*Emanuel E. Weisberg* and *John Kadel* for defendant.

*J. Norman Lewis* and *Leo J. Bondy* for plaintiffs.

McLAUGHLIN, J. The defendant moves to dismiss the com-
plaint pursuant to rule 106 of the Rules of Civil Practice and to
strike out allegations of the complaint on the ground that they
are irrelevant, redundant, repetitious and unnecessary.

This is an action for a declaratory judgment. It appears that
the parties entered into a lease of some vacant property in
Bronx County, and that the tenant was restricted to the erection
of a building of a certain type, namely, a store or an apartment
house. This lease was executed on May 1, 1941. Since that
time the Government of the United States has placed a restric-
tion upon building which apparently will last throughout the
war. (War Production Board Conservation Order No. L-41,
issued April 9, 1942, as amd.; 8 Federal Register, p. 5473.)
The claim of the plaintiff is that it is unlawful for the plaintiff
to construct such a building as contemplated at this time, and,
therefore, as its application to erect the building has been denied
by the War Production Board, this action is necessary. It is
asserted that the primary and principal purpose of the lease

has been frustrated by our law, and that the rights of the parties to this lease should be adjudicated by voiding the same and adjudging that the liability of the plaintiff under the lease is void.

This seems to be a proper case for a declaratory judgment. The defendant's objection is that the lease, being complete on its face, will prevent oral testimony to establish the claims made in the complaint by the plaintiff. There is no merit to this contention, because the parol evidence rule may not be invoked to prevent the plaintiff from showing the facts and circumstances which may tend to establish that the primary and principal purpose of the lease was the erection of a building which has been prohibited by the laws of our government.

The other matters raised by the defendant on which it bases a claim for dismissal of the complaint are without merit.

In view of the fact that there must be a trial to determine from the facts and circumstances whether the primary and principal purpose of the lease was the erection of a building which has been prohibited by the United States Government, the matters sought to be stricken out are plainly necessary and proper.

The motion is in all respects denied.